UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------:
VALENTE GARCIA, FRANKLYN PEREZ,    :   15 Civ. 6292 (JCF)
DELFINO TLACOPILGO, MIGUEL ROMERO  :
LARA, MIGUEL BOTELLO GONZAGA,      :   MEMORANDUM
JESUS DELGADO, JUSTINO GARCIA, and :   AND ORDER
LUIS MAGAÑA,                       :
                                   :
                    Plaintiffs,    :
                                   :
     - against -                   :
                                   :
VILLAGE RED RESTAURANT CORP. d/b/a :
WAVERLY RESTAURANT, CHRISTINE      :
SERAFIS KASAMPAS, and NICHOLAS     :
SERAFIS,                           :
                                   :
                    Defendants.    :
------------------------------------:



JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

The plaintiffs bring this action alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), and the New York Labor Law, N.Y. Lab. Law § 190 et seq. (the "NYLL"). They previously moved for summary judgment, and I denied that motion without prejudice to their submitting evidence of their specific damage claims. Garcia v. Village Red Restaurant Corp., No. 15 Civ. 6292, 2017 WL 1906861, at *8-9 (S.D.N.Y. May 8, 2017). The plaintiffs have now filed a supplemental motion for summary judgment and the defendants have responded. The motion is denied.

Background

The factual background is set forth at length in the initial summary judgment decision, Garcia, 2017 WL 1906861, at *1-2, and

1

I will not repeat it here. I note, however, that the only reliable employee time records maintained by the defendants are what the parties refer to as the "Red Book," which indicates for each employee the number of days worked each week and the amount of pay, but which does not reflect the number of hours worked in any given day. Id. at *2.

Discussion

    A.   Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, a court will "grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying "the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. The opposing party then must come forward with specific materials establishing the existence of a genuine dispute. Id. at 324. Where the nonmoving party fails to make "a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted. Id. at 322.

In assessing the record to determine whether there is a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the

nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Smith v. Barnesandnoble.com, LLC, 839 F.3d 163, 166 (2d Cir. 2016). However, the court must inquire whether "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party," Anderson, 477 U.S. at 249, and summary judgment may be granted where the nonmovant's evidence is conclusory, speculative, or not significantly probative, id. at 249-50.

B. Proof of Damages

Both the FLSA and the NYLL require employers to keep detailed records of employee wages, tips, hours, and other employment information. See 29 U.S.C. § 211(c); N.Y. Lab. Law §§ 195(4), 661. Specifically, employers must maintain records showing, among other things, (1) total daily and weekly hours worked, (2) regular hourly rates of pay for each week in which overtime compensation is due, (3) total daily and weekly earnings, (4) total wages paid, (5) total weekly premium pay for overtime hours, and (6) dates of payment. See 29 C.F.R. §§ 516.2, .28; N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-2.1 to .2. When an employer fails to meet these record-keeping obligations, an employee's burden of proving that he performed work for which he was not properly compensated is reduced. Lanzetta v. Florio's Enterprises, Inc., 763 F. Supp. 2d 615, 618 (S.D.N.Y. 2011). The employee may carry his burden simply by testifying to his recollection of the hours worked and the

3

compensation received, even if his calculation is only approximate. Yuquilema v. Manhattan's Hero Corp., No. 13 Civ. 461, 2014 WL 4207106, at *3 (S.D.N.Y. Aug. 26, 2014); Lanzetta, 763 F. Supp. 2d at 618; Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008). "The employer then must 'come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence.'" Lanzetta, 763 F. Supp. 2d at 618 (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 688 (1946)). In effect, in the absence of employer records, the employee's testimony assumes a "rebuttable presumption of accuracy." Goett v. VI Jets International, Inc., No. 14 Civ. 8256, 2015 WL 3616961, at *2 (S.D.N.Y. April 22, 2015).

Here, the plaintiffs rely on representations in their affidavits with respect to the hours worked, as they may. The problem is that these representations are frequently inconsistent with the facts as alleged in the Complaint. Furthermore, the plaintiffs' attestations are contradicted by the testimony of the defendants' witness. Take, for example, plaintiff Valente Garcia. In his affidavit, Mr. Garcia attests that he worked seventy-three to seventy-four hours per week in 2012 and seventy-one to seventy-two hours per week thereafter (twice per month, he worked as a manager for eleven of these hours). (Affidavit of Valente Garcia dated June 14, 2017, attached as Exh. E to Declaration of Louis

Pechman dated June 14, 2017, ¶¶ 5, 7). Yet, in the Complaint, he alleges that he worked sixty-six hours per week through the end of 2012 and fifty-six hours per week thereafter. (Complaint, ¶¶ 54-57). And defendant Nicholas Serafis, who manages the restaurant in which the plaintiffs worked, testified that Mr. Garcia worked about fifty to fifty-five hours each week. (Deposition of Nicholas Serafis dated Nov. 10, 2016, attached as Exh. A to Declaration of Arthur H. Forman dated July 21, [2017], at 112-13). These discrepancies are not immaterial, and there are similar inconsistencies with respect to the other plaintiffs.

There are, then, disputes with respect to material issues of fact that preclude summary judgment.

Conclusion

The plaintiffs' supplemental motion for summary judgment (Docket no. 69) is denied. The parties shall submit the joint pretrial order by September 8, 2017.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       August 14, 2017

5

Copies transmitted this date to:

Louis Pechman, Esq.
Vivianna Morales, Esq.
Lillian M. Marquez, Esq.
Pechman Law Group PLLC
488 Madison Ave., Foor 11
New York, NY 10022

Arthur H. Forman, Esq.
98-20 Metropolitan Ave.
Forest Hills, NY 11375

John A. Mitchell, Esq.
Mitchell & Incantalupo
98-20 Metropolitan Avenue
Forest Hills, NY 11375