```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VALENTE GARCIA, et al.,                :    15 Civ. 6292 (RWL)
                                       :
                       Plaintiffs,     :    MEMORANDUM
                                       :    AND ORDER
           - against -                 :
                                       :
VILLAGE RED RESTAURANT CORP., et al.,  :
                                       :
                       Defendants.     :
-----------------------------------------------------------X
```

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

At a pretrial conference held on February 13, 2018, the parties and the Court addressed the issue of whether Defendants' agreement with Plaintiffs' statement of facts in an earlier summary judgment motion would result in those facts being deemed admitted at trial and thereby preclude cross-examination of Plaintiffs on those same facts. The Court has looked further into that question and revises its ruling at the February 13 conference as follows.

## Background

Plaintiffs are former restaurant workers who claim that Defendants failed to comply with requirements for payments, records, and notice under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law §§ 190 *et seq.* In January 2017, Plaintiffs moved for summary judgment. In support of their motion, Plaintiffs filed a Statement of Undisputed Facts pursuant to Local Civil Rule 56.1. (Dkt. 50.) That statement set forth 289 purported statements of undisputed fact. Defendants filed a responding document wherein Defendants disputed some of the asserted facts but did not dispute more than half of them. (Dkt. 57.) In each instance where Defendants did

1

not dispute an assertion, they qualified their concession as limited to the motion for summary judgment. Specifically, they responded with the statement "Undisputed for purposes of this motion."

On May 8, 2017, the Court issued a Memorandum and Order granting the motion in part and denying it in part. *Garcia v. Village Red Restaurant Corp.*, No. 15 Civ. 6292, 2017 WL 1906861 (S.D.N.Y. May 8, 2017). The Court granted summary judgment on liability in favor of Plaintiffs with respect to all but one of the defendants. As to damages, the Court stated that it needed additional information and invited Plaintiffs to make a supplemental submission. *Id.* at *8-9. Following submission of supplemental papers, the Court denied summary judgment on damages because it found a number of contradictions between statements in the Complaint, Plaintiffs' affidavits, and deposition testimony. *Garcia v. Village Red Restaurant Corp.*, No. 15 Civ. 6292, 2017 WL 3493148, at *2 (S.D.N.Y. Aug. 14, 2017).

The case is now set for a bench trial on damages. Plaintiffs seek to preclude cross-examination by Defendants on any fact that Defendants did not dispute on summary judgment. Plaintiffs contend that when a party does not dispute a statement of material fact on summary judgment, that party has admitted the fact for all purposes. Defendants disagree. For the reasons set forth below, the Court holds that Defendants are not precluded from contesting facts at trial that they did not dispute "for purposes of" summary judgment.

Discussion

We begin with Federal Rule of Civil Procedure 56, which governs summary judgment proceedings. Rule 56 as currently written does not directly address the issue

raised here.  However, it does point to the answer.  Rule 56(c)(1)(A) provides that a party asserting that a fact cannot be or is genuinely disputed must support the assertion with evidence from assorted materials.  The materials referenced as potential sources of support include, among others, "stipulations (including those made for purposes of the motion only), admissions, interrogatory answers . . . ."  Fed. R. Civ. P. 56(c)(1)(A).

Local Civil Rule 56.1 requires a party moving for summary judgment provide a statement setting forth assertions of undisputed facts and also requires the non-moving party to then provide corresponding responses to each assertion.  The non-moving party may affirmatively respond that it does not dispute a fact.  In doing so, the non-moving party agrees that the fact is undisputed, which in essence creates a stipulation of fact.[1]  *See United States v. Ceballos-Munoz*, 210 F.3d 356 (table), 2000 WL 357676, at *2 (2d Cir. 2000) (unpublished) (a stipulation "by definition, is something to which [a party] agree[s]"); *Santoro ex rel. Santoro v. Majestic Fireplace Corp.*, No. 02 Civ. 8796, 2004 WL 2569493, at *3 n.33 (S.D.N.Y. Nov. 12, 2004) ("[A] stipulation is by definition an *agreement* between parties.").  In listing materials that can be used to support a fact, Rule 56(c)(1)(A) expressly recognizes a class of stipulations "made for the purposes of the motion only."  By providing that a party may agree to a fact as undisputed for purposes of summary judgment "only," Rule 56 necessarily and implicitly recognizes that there can be

---

[1] A district court may find a disputed material fact even where the nonmoving party affirmatively states that it does not dispute the asserted fact.  That is because the district court has the obligation ensure there is support for the factual assertion in the record.  *See* Fed. R. Civ. P. 56(a); *Fossil Industries, Inc. v. Arco Wiggins, USA, Inc.*, No. 12 CV 2497, 2015 WL 5356453, at *12 (E.D.N.Y. Sept. 12, 2015) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)).

3

instances where a party may later dispute a fact, such as at trial, that was not disputed on summary judgment.

This conclusion is confirmed by the commentary to and history of Rule 56. In 2010, Rule 56 was revised in several respects. The Civil Rules Advisory Committee of the Judicial Conference of the United States (the "Rules Committee") initially proposed a three-step "point-counterpoint" procedure for a summary judgment motion (similar to the procedure prescribed by Local Rule 56.1. The Rules Committee ultimately rejected that procedure in favor of a more streamlined process.[2] When published for comment, the proposed changes included a provision stating, "A party may accept or dispute a fact either generally or for purposes of the motion only." That proposed provision subsequently was withdrawn.[3] At the same time, however, the final version of 56(c)(1)(A) included the language regarding stipulations "made for the purposes of the motion only."

Stripped of context, one could conclude that by having considered and eliminated an express statement directly addressing whether a party may accept a fact either generally or for purposes of summary judgment only, the rule makers specifically intended to preclude that option. But the Rules Committee specifically addressed the reason why the statement was eliminated. The provision was eliminated because it was seen as necessary only in the context of the previous point-counterpoint structure; and preserving

---

[2] Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment; Fed. R. Civ. P. 56(c) report of the civil rules advisory committee to 2010 amendment at 21-22 (May 1, 2009) ("Rules Report"), http://www.uscourts.gov/rulespolicies/archives/committee-reports/advisory-committee-rules-civil-procedure-may-2009. As the Rules Committee concluded, "although the point-counterpoint procedure is worthy, and often works, the time has not yet come to mandate it as a presumptively uniform procedure for most cases." Rules Report at 21.

[3] Rules Report at 25.

it as written would have created a conflict with Rule 56(g), which provides that if the court does not grant all the relief requested by the motion, it "may" order that a material fact is not genuinely disputed and is established in the case.[4]

Any doubt about the issue is put to rest by the Rule Committee's notes to the 2010 amendments. The notes to Rule 56(g) expressly acknowledge that Rule 56 maintains the non-moving party's ability to concede a fact for purposes of summary judgment only, leaving open the ability to contest it at trial: "The court must take care" that it "not interfere with a party's ability to accept a fact for purposes of the motion only."[5] "A non-movant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes."[6] This flexibility is bolstered by a similar Committee note to Rule 56(e): "Subdivision (e)(2) authorized the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied. This approach reflects the 'deemed admitted' provisions in many local rules. The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to

---

[4] Rules Report at 25.

[5] Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment ("56(g) Committee Note").

[6] *Id.*

it as written would have created a conflict with Rule 56(g), which provides that if the court does not grant all the relief requested by the motion, it "may" order that a material fact is not genuinely disputed and is established in the case.[4]

Any doubt about the issue is put to rest by the Rule Committee's notes to the 2010 amendments. The notes to Rule 56(g) expressly acknowledge that Rule 56 maintains the non-moving party's ability to concede a fact for purposes of summary judgment only, leaving open the ability to contest it at trial: "The court must take care" that it "not interfere with a party's ability to accept a fact for purposes of the motion only."[5] "A non-movant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes."[6] This flexibility is bolstered by a similar Committee note to Rule 56(e): "Subdivision (e)(2) authorized the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied. This approach reflects the 'deemed admitted' provisions in many local rules. The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to

---

[4] Rules Report at 25.

[5] Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment ("56(g) Committee Note").

[6] *Id.*

make a proper Rule 56 response or reply remains free to contest the fact in further proceedings."[7]

At least one court has suggested that there may be instances where an attempt to limit the consequences of agreeing to asserted undisputed facts on summary judgment will not be given effect: "A reservation of the right to dispute facts at trial does not immunize a party from the risks of not disputing facts at summary judgment. . . . [E]ven with such a reservation, a court can determine that certain facts are established and forbid parties from contesting those facts at trial." *Berbick v. Precinct 42*, 977 F. Supp. 2d 268, 275 (S.D.N.Y. 2013) (citing Fed. R. Civ. P. 56(g)). Some district court decisions thus reflect trial findings based, at least in part, on a defendant's Rule 56.1 response to plaintiff's assertions of undisputed fact, although it is not evident from those decisions whether the defendants qualified their concessions as being for motion purposes only. *See, e.g., Haggar International Corp. v. United Company for Food Industry Corp.*, 906 F. Supp. 2d 96, 100 n.10 (E.D.N.Y. 2012); *Merrill Lynch Capital Services, Inc. v. UISA Finance*, No. 09 Civ. 2324, 2012 WL 1202034, at *1 n.1 (S.D.N.Y. April 10, 2012).

Finally, the Court recognizes that Defendants in this matter qualified their responses to Plaintiff's assertions of undisputed fact by writing "for purposes of this motion" without using the word "only." While it would be better practice to include "only," the omission in the context of these proceedings does not support an interpretation or inference that Defendants intended to concede the facts for this motion "and all other

---

[7] Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment; *see also* Local Civil Rule 56.1(c) (unless specifically controverted, an asserted statement of undisputed fact "will be deemed to be admitted for purposes of the motion").

6

purposes." Were that so, the qualification "for the purposes of this motion" would be superfluous.

## Conclusion

For the reasons set forth above, Defendants may cross-examine on facts they did not dispute on summary judgment. That said, the Court expects the parties to conduct their cross-examinations efficiently and selectively, and retains the discretion to limit cross-examination at trial.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   February 15, 2018
         New York, New York

Copies transmitted to all counsel of record.